Good morning. Benjamin Faulkner on behalf of Manuel Tirado. May I reserve two minutes for rebuttal? Yes, you may. This case revolves around the disclosure of confidential information by an attorney against his client to the, in a way that was harmful. What's the confidential information? Any information that an attorney. No, no, what is the confidential information in this case? The confidential information in this case involves the meeting with his client. That meeting, according to what we know on the record, was in the presence of third parties. That doesn't make it non-confidential. The confidentiality rule is different than the privilege rule. The confidentiality rule involves any information that a lawyer obtains during the course of his representation, and that information can only be disclosed for the benefit of the client. So the privilege issue is a tighter issue and is slightly different. Now, with regard to the privilege issue, the government contends in its brief that there was. Before you shift to privilege, could you finish answering what specifically you find to be confidential? Oh, so the fact of the meeting was confidential and was not information that should be disclosed unless it were being disclosed somehow for the benefit of the client, or if it were compelled by the court order. Wait just a second, all right? You will concede, will you not, that an attorney has an obligation not only to his client but an obligation to the court? Correct, I do concede that, yes. Yes, so when you talk about the fact of the meeting, are you saying that Attorney Klein should either have dissembled or refused to answer when the court asked him if he knew anything about Mr. Tirado's whereabouts? Well, the court simply asked if anybody had an explanation. He could certainly have simply said, Your Honor, it is my belief that Mr. Tirado will not appear here today. If he were ordered to answer anything further, then he is required to answer. Yes, he is required to answer. But he wasn't ordered to answer, he was simply asked whether anybody could provide an explanation. He went far beyond simply saying that Mr. Tirado wasn't expected and was aware of the court date. In the In Re Grand Jury case that's cited in my brief, I think it makes that clear. There was a subpoena issued to an attorney and the question was something along the lines of what was said during the meeting. And the court in the In Re Grand Jury case said that went far too, was far too broad a question and that it needs to be a very narrow question. Was the date communicated to the client? And that's simply a broad question asking for an explanation. The attorney, certainly the court could have required him to go further in answering, but he just volunteered all of the information he had about his client and about the conversation he had had with his client and it was far broader than necessary. Let me make certain I understand the rule you're advocating for. So a trial judge asks an attorney when the defendant doesn't appear if he has any knowledge about the whereabouts of the defendant and you're saying that the lawyer should be very circumspect and should not reveal what he actually knows. Shouldn't say to the judge, in effect, that I was just talking with him, he knows about the hearing and he has told me that he probably won't appear. Something to that effect. He should hedge what he says to the judge. I think so long as he's clear that he is not giving all the information, yes. I don't think an attorney can give all that information. At page 16 of my brief, I cite the In Re Grand Jury subpoena case and the challenged question, which the court found was too broad, was what did you say or tell your client about the notice to the judge? So specifically you're saying the offending information was that he, in fact, was present at the courthouse outside, that he was told that it would be best if he followed Attorney Pine in, that he refused to do that. I think all of that information is offending information, correct. Anything else? The entire disclosure, I think, that was made by Attorney Pine in that hearing was beyond what was necessary. All he needed to say was that Mr. Tirado had been made aware of the court date. That's all he needed to say. There was nothing further that needed to be disclosed. The government contends that he had, that Rule 3.3 required him to disclose evidence of a crime, but the court was certainly well aware that Mr. Tirado was not there. That wasn't information that needed to be disclosed in candor to the tribunal. No, but on your own argument, what he was disclosing was not merely that the client was not there, but that the client was acting with knowledge in failing to be there. So that, in fact, that on your argument goes beyond the point of the judge's realization that the fellow isn't standing there. And so there is a, on your analysis, there is a disclosure which would seem to fall within the rubric of the government's argument that there is no privilege in, in effect, hiding evidence of crime, and the crime being obstruction of justice. I agree that there's no privilege in hiding evidence of a crime, but simply all he needs to say is, I need Mr. Tirado aware of this court hearing. Well, I, I did not speak very well. Disclosing evidence of a crime is, is an obligation. Disclosing. That overrides the privilege. Disclosing. I mean, evidence of a crime being or about to be committed. It is true that the, but that, that's a crime of which the court is already aware. Once the court is aware that Mr. Tirado has been given notice of the court hearing, and Mr. Tirado is not there, the crime has already been disclosed to the court. There's no need for the defense attorney to delve into the details of the conversation. At that point, the, the court prior to the court's question, the court doesn't know whether he is there because he has chosen, in effect, to, to skip out, or whether he is not there because he had a flat tire and maybe stuck in changing the tire a couple of blocks away. So, yeah, there's, there's prima facie evidence of, of crime. But there is not conclusive evidence of it. And in your theory, the evidence became conclusive when the lawyer spoke. I think to some extent that's true. But I think the duty to disclose, may I answer the judge's question? I think that the duty to disclose the evidence of a crime in terms of... That's what he was doing. He was, on your analysis, he was saying, Judge, there's a crime being committed here. That's, that's the way you analyze what he has done by his statement. And if your analysis is correct, it would seem to fall within, beyond the limit of the ethical rule as, as the government has argued. I would just say that to the extent that he has made the court aware that there's a potential crime, for him to go beyond that, at that point, violates the rule of confidentiality absent a court order. I'm not saying the court couldn't order him necessarily to provide further details. That's possible, but that wasn't done. All of that information was simply provided voluntarily and in a, in a disclosure that the court found to have been motivated by embarrassment and infuriation at his own client. Counselor, before you rest your argument, could you just briefly speak to the waiver? Yes. Very briefly, the government on page 19 suggests that there was no, that the interpreter could have been a separate interpreter. On page 69 of the record appendix, in the defendant's never-ending opposition. I'm talking about the written waiver where he elected to, after the court advised him of a possible conflict, he elected to retain attorney fine. Oh, yes. What I would say about that is the, the waiver, the conflict of which the court and the attorneys had put him on notice was the conflict of the lawyer being a potential witness in the case. So although he was a, he waived a conflict, the conflict that he waived was with regard to the lawyer being a witness, not with regard to the lawyers having breached his duties to the client. Okay. Thank you. Good morning. Seth A. Frame from the United States. Let me frame the government's argument in terms of the actual conflict standard that has been argued by the defendant. And so the actual conflict standard requires the defendant to, to show two things. The first being that the, that the lawyer's decisions were motivated by a desire to protect himself. And this court has recognized that that's possible in the scenario where a lawyer has been accused of engaging in misconduct. What's missing here is any accusation of the misconduct that's now been alleged. And the other way this court has said it's possible is where the errors are so obvious that any lawyer would recognize them. So the record shows here, there was no claim at any point that Mr. Prime violated a, either the attorney-client privilege doctrine or rule 1.6 of the rules of professional conduct based on his disclosures. The issue that would come raised and led to the waiver that Judge Thompson was talking about was a potential violation of rule 3.7. Rule 3.7 prevents a lawyer from being a witness and a lawyer in the same case. And they were, the record shows many steps were taken to alleviate the rule 3.7 problem. There was a specific waiver by the defendant of the rule 3.7 problem. So that is by the boards. The, what's come up now are these other arguments. And I think what the colloquy between the court and my colleague shows is at best the answers to these questions aren't clear that there was a violation. And the government argues there were no violations. But even if they are murky as to whether there's violations, there's nothing on the record that says Attorney Pine understood that he had committed these alleged pieces of misconduct. And then, so it's hard to see how he had divided loyalties. Isn't it his obligation to understand his ethical obligations to his defense? Well, it's his obligation to understand them. But I think that one, he followed that. And I'm happy to talk about that. But my point is that the discussion here shows that the court was skeptical of that there was a violation at all. All legal issues, you actually have an obligation to understand them. But at very best, sometimes things fall within a gray area. And it's not necessarily that he should then say, understand, oh, I have violated a rule, and now I'm going to act for the rest of the case to protect myself. So if Attorney Pine had just said to the judge, Your Honor, I've given him notice of the time, date, and place of this hearing, that would have allowed the court to know that he had noticed and surmised that if he wasn't there on time, he wasn't coming. Attorney Pine made the government's case for it. Attorney Pine followed as far as Rule 1.6 goes. So let's focus on that, which is the confidentiality piece, which is the broader obligation that he has. But he has a corresponding obligation under Rule 3.3b to disclose evidence of criminal wrongdoing related to the proceeding. And I think as Justice Souter was pointing out, it's not enough he hasn't disclosed the criminality if he simply says he's not here. He knew of the time. The knowledge is the piece that's the criminality. And what shows the knowledge is we met on the courthouse steps. I told him to come in. He didn't want to be detained, so he left. That shows the knowledge. That's his obligation. And Rule 3.3d specifically says that when you have that obligation to report, Rule 1.6 is trumped. And so his usual obligation of confidentiality is trumped by his obligation to report to the court the evidence of the criminality, which includes the knowledge there is no crime there without the knowledge. And so that's why I don't think there was a violation of the duty of confidentiality in this case. I know it seems to me that there's a difference between giving the court enough information to surmise something and giving the court information that proves the defendant's guilt beyond a reasonable doubt. The rule says that you have a duty to take remedial measures, including disclosure to the tribunal when you are aware of your client's criminality and related to the proceeding. I'm not aware of the law that says that you are supposed to withhold one of the elements of the offense when you're doing that, which is knowledge. Because the way that Judge Thompson, you framed it, that wouldn't be a crime. That would be Elements 1 and 2. But it would not be Element 3, knowingly not attending. It would just be he knew of a hearing and wasn't there. But there could be many reasons, as Justice Souter pointed out, that he's not there that wouldn't be criminal. So if the rule is to disclose criminality, that's what he did. And there was nothing suggested during the entire run of the case that anyone challenged him having done what he did. And that only appeared on appeal, which is why we're dealing with the actual conflict standard in the posture that we are. So that's why I'm talking about, well, the question isn't, did he violate Rule 1.6? The question is, did he know he violated Rule 1.6, and did he then structure his litigation strategy to prevent himself from getting in trouble? That's the question in this case. And my point to you is, I don't think he violated Rule 1.6. But even if that's a close question, if nobody ever mentioned it to him, and we're not even sure right now, it's not likely he structured his litigation strategy around that fear. If we were to find that there was a violation of 1.6, but that the record was murky as to whether or not the requisite intent was present, what happens? Does the appellant lose, or do we remand for an evidentiary hearing? Or do we kick this over to a 2255? I'm not sure what the rule is if we reach that point. I understand the law to be in this circuit, that if the record of an actual conflict question is not fully developed, it falls under the same rule as every other ineffective assistance of counsel claim, because that's what an actual conflict claim is. And it should be kicked over for a 2255 to have the development of an appropriate record. And I argued at the end in a footnote that that's the alternative way to resolve the case. My point here as to why you can resolve it on the record as it is, is this isn't a question in this case of whether he violated Rule 1.6. It's whether he understood that he violated Rule 1.6. Because the Sotomayor-Lopez case, which I cited in the brief, makes that point. It says the claim there had to do with not pursuing an incompetency defense, and that the lawyer had committed an actual conflict by not litigating that issue hard enough. And the response of this court on direct appeal was, as a matter of law, you don't win because nobody ever brought to the attention the alleged failing of the lawyer. And so there's nothing on the record to show that what he did in litigating the case was because his client thought he had done a bad job. Well, in this particular case, on the assumption that the only issue raised is one of a lawyer's conflict in representation going forward from the moment of the so-called disclosure, is covered by the waiver, isn't it? I think arguably it's covered by the waiver. I mean, I guess, not to make my colleague's argument, I suppose my colleague's argument would be the waiver was focused on the Rule 3.7 problem, and no one ever said when taking that waiver from the client, oh, do you know your lawyer violated the attorney-client privilege in Rule 1.6, and do you want to continue on with that person? And so I assume my colleague would say, well, that wasn't a knowing involuntary waiver to want that lawyer, because he didn't understand that his lawyer had committed the other wrong. And I think that would be the contrary argument, because the waiver colloquy was focused around this Rule 3.7, you can't be a witness and a lawyer in the same case, and they worked that through. And I mean, the reason nobody brought up what happened at the initial arraignment is nobody thought it was wrong. So I think that's how it sort of shook out the way that it did. But it can't be a subjective test as to whether an attorney knew. It's got to be, would it objectively, would a reasonable attorney know? I know your position is he didn't do anything wrong, but it can't be. Well, if somebody said to him, if the client, so Sotovia Lopez, there was a pro se pleading, and it said, my lawyer did this, this, this, and this wrong, the lawyer may disagree with it, but he's now on notice that his client says he did this, this, this, and this wrong. And so if that happened, that's the follow-up case after Sotovia Lopez are those facts, where there's a pro se pleading, and the lawyer's on notice. So the court said, look, it's at least a question, since he's on notice, whether he took action on that basis. But here, he's never on notice. The legal issue, I agree, I argue, we win just if you took the legal issue. But the legal issue, I think, at least is unclear. So the question we're asking, why did he do what he did? What was his motivation? I think it is subjective. Was he motivated to not seek to suppress the statements that he made at the arraignment because he thought he did something wrong? And if no one told him he did something wrong, and the law's not clear that he did something wrong, there's no reason for us to draw the conclusion that that's why he did what he did. So I do think, actually, that it has a strong subjective component, not a attorney-client privilege argument in a different context, when it's raised in an actual conflict context, as it is here. Thank you. Three points. First of all, with regard to the record being sufficiently developed, I know of at least one case, and I'm happy to cite it, where the court had found, I'm happy to file a supplemental letter, where the court found in an ineffective assistance claim that the record was sufficiently developed that it remanded for an evidentiary hearing. I know of one other case in this circuit, United States v. Gall, where the court found the record was sufficiently developed that it ordered the district court to appoint counsel should the defendant file a motion under 2255. And I would suggest that if the court doesn't find the record sufficiently developed in this case, that it at least allow for counsel to be appointed for pursuing in section 2255 or remand for an evidentiary hearing. Second, with regard to the Soldevilla case that the government cites, in that case, the defendant had alleged that the lawyer hadn't pursued the issue of his competency early enough in the proceeding, and that the lawyer was trying to cover up by having him be found confident and convicted. So the lawyer, on his own, would not have known that he did anything wrong. The client accused the lawyer. The client never accused the lawyer of wrongdoing and simply concocted a strategy later. Here we have evidence that the lawyer did do something wrong, so I would suggest that Justice Thompson is correct that this should be an objective rather than a subjective inquiry in this case. And finally, with regard to the waiver, I agree with government counsel. This waiver was directed at a different issue. Mr. Tirado was never put on notice that his lawyer had violated Rule 1.6, so that waiver couldn't operate to bar this particular claim. Thank you, ladies.